UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00156-MR

| | |
|---|---|
| AUSTIN REID PITTMAN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>FNU CLAWSON, )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

**I.   BACKGROUND**

Pro se Plaintiff Austin Reid Pittman ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Granville Correctional Institution in Butner, North Carolina. On October 19, 2022, he filed this action pursuant to 42 U.S.C. § 1983 against Defendant FNU Clawson, identified as a Correctional Sergeant at Alexander Correctional Institution ("Alexander"), in his individual capacity. [Doc. 1]. Plaintiff alleges, in pertinent part, as follows.

On July 19, 2022, at approximately 4 p.m., Plaintiff returned to Alexander after a medical appointment at Central Prison. [Id. at 2]. Plaintiff

1

was placed in a holding cell in the receiving area to wait for an escort to Restrictive Housing. At approximately 5 p.m., several officers, including Lieutenants Moss and Massagee and Officers Kinder and Lay, came to the receiving area to escort Plaintiff. [Id.]. Plaintiff was handcuffed through the cell trap door and then placed in full restraints, consisting of two sets of handcuffs attached to a waist chain and two sets of leg restraints, due to his custody status. Once Plaintiff was in full restraints, the staff members became adversarial toward Plaintiff and ripped his meal "pack outs" from his hand. Plaintiff was placed in a wheelchair, and someone came behind Plaintiff and put a bag over Plaintiff's head. [Id.]. Plaintiff bent his head toward his hands to try to remove the bag and was pushed backwards in the wheelchair. The back of Plaintiff's head struck the floor. Defendant Clawson stood over Plaintiff, crouched down, and began punching him in the face with a closed fist. Defendant Clawson punched Plaintiff in the face "again and again," while Lay, Kinder, and Moss just stood there and watched, failing to intervene.[1] After Defendant Clawson grew "tired of beating" the Plaintiff, Plaintiff was picked up off the floor and manhandled by "these staff members" for five minutes. Eventually Plaintiff was placed back in the wheelchair and

---

[1] Plaintiff states that Lay, Kinder, and Moss "will be addressed in seperate [*sic*] civil complaints." [Doc. 1 at 3].

brought to medical.[2] The next day, while Plaintiff was awaiting transport to an outside hospital, Defendant Clausen came to the receiving area and told Plaintiff that he "had that shit coming" and that Plaintiff better keep his mouth shut. [Id. at 4]. A CT scan at Catawba Valley Medical Center showed that Plaintiff's left eye socket was broken. [Id.].

For injuries, Plaintiff claims he suffered physical injuries, psychological damage, humiliation, mental anguish, PTSD, and difficulty sleeping. [Id. at 6-7]. For relief, Plaintiff seeks compensatory and punitive damages. [Id. at 6, 8].

## II.   STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief

---

[2] Plaintiff makes various allegations regarding the subsequent denial of medical care, which Plaintiff "addressed in a seperate [*sic*] civil claim." [Doc. 1 at 4; see Civil Case No. 5:22-cv-00164-MR, Doc. 1].
3

may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must

satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

Taking Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in his favor, Plaintiff states an Eighth Amendment claim against Defendant Clawson in his individual capacity.

## IV. CONCLUSION

In sum, Plaintiff's excessive force claim against Defendant Clawson survives initial review.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Eighth Amendment excessive force claim against Defendant Clawson in his individual capacity passes initial review.

**IT IS, THEREFORE, ORDERED** that Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Clawson, who is alleged to be a current or former employee of the North Carolina Department of Public Safety.

The Clerk is also instructed to mail Plaintiff an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

**IT IS SO ORDERED.**

Signed: November 28, 2022

Martin Reidinger
Chief United States District Judge