# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:22-cv-00156-MR

| | | |
|---|---|---|
| **AUSTIN REID PITTMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **FNU CLAWSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Compel Production of Subpoenaed Material.  [Doc. 34].

Pro se Plaintiff Austin Reid Pittman ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Central Prison in Raleigh, North Carolina.  On October 19, 2022, he filed this action pursuant to 42 U.S.C. § 1983 against Defendant FNU Clawson, identified as a Correctional Sergeant at Alexander Correctional Institution, claiming Defendant Clawson violated his Eighth Amendment rights through the use of excessive force. [Doc. 1].  Plaintiff's Complaint survived initial review and the discovery deadline is July 28, 2023.  [Docs. 8, 22].  On April 26, 2023, Plaintiff requested a subpoena from the Clerk to obtain Plaintiff's medical records from the Catawba Valley Medical Center and for assistance in serving the subpoena because Plaintiff

is indigent. [Doc. 24]. The Court granted Plaintiff's motion, directed the Clerk to issue the subpoena, and ordered the U.S. Marshal to serve it on Plaintiff's behalf once it was returned completed by Plaintiff [Doc. 25]. On May 12, 2023, Plaintiff filed the proposed Subpoena.[1] [Doc. 26]. The Subpoena is directed to Catawba Valley Medical Center CEO Dennis Johnson. The Subpoena commands Johnson to produce all of Plaintiff's medical records from June 20, 2022, "via U.S. Mail, postage prepaid and within 14 days of the service hereof." [Doc. 27 at 1]. With the Subpoena, Plaintiff included an executed authorization to release his medical records. [Doc. 26-1]. On May 15, 2023, the Clerk issued the Subpoena for service by the U.S. Marshal. [Doc. 27]. The U.S. Marshal served the Subpoena on May 17, 2023. [Doc. 31]. On June 14, 2023, Plaintiff filed the pending motion to compel the Catawba Valley Medical Center to produce the requested medical records. [Doc. 34]. As grounds, Plaintiff states that, "[a]s of the date of this Motion (June 11, 2023) Plaintiff has not received the subpoenaed material from Catawba Valley Medical Center. It has now been twenty four (24) days since the service of the Subpoena." [Id. at 3]. Plaintiff, however, does not state that he conferred with Mr. Johnson or the Medical Center about the

---

[1] It does not appear from the record that Plaintiff served the proposed Subpoena on Defendant Clawson.

2

production of these records before he filed the pending motion.  [See id.].
Moreover, it does not appear that Plaintiff served the pending motion on the
non-party Medical Center.  [See id.].

Rule 45 of the Federal Rules of Civil Procedure governs the use of
subpoenas on non-parties.  Rule 45(a)(4) provides that notice and a copy of
a subpoena commanding the production of documents must be served on
each party before it is served on the person to whom it is directed.  Fed. R.
Civ. P. 45(a)(4).  Local Rule 45.2 adds that notice and a copy of such
subpoena "shall be served on all other parties at least three (3) calendar
days before the date on which the subpoena is served on the non-party."
LCvR 45.2.  The Court may alter this notice period.  Id.  Moreover, a motion
to compel discovery "must include a certification that the movant has in good
faith conferred or attempted to confer with the person or party failing to make
disclosure or discovery in an effort to obtain it without court action."  Fed. R.
Civ. P. 37(a)(1).  See Boukadoum v. Hubanks, 239 F.R.D. 427, 431 (D. Md.
2006) ("[W]here counsel subpoenas documents from a non-party, especially
a healthcare provider, and the documents are not forthcoming on the
appointed date, counsel must engage in a good faith effort to secure the non-
party's compliance before filing a motion to compel and must certify to the
effort as part of the motion to compel.").

The Court will deny Plaintiff's motion to compel without prejudice. While the Court is inclined to overlook Plaintiff's failure to technically comply with the advance service requirements of Rule 45(a)(4) and Local Rule 45.2 considering Defendant's actual notice of the Subpoena, Plaintiff has failed to satisfy Rule 37(a)(1)'s certification requirement. Instead, Plaintiff waited only 10 days after the expiration of the self-created deadline and immediately enlisted the Court's assistance. Furthermore, Plaintiff failed to serve the pending motion on Mr. Johnson or the Medical Center. Should Plaintiff renew his motion to compel, he should serve the motion on the person from whom he seeks to compel records.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Compel [Doc. 34] is **DENIED without prejudice** in accordance with the terms of this Order.

**IT IS SO ORDERED**.

Signed: June 19, 2023

Martin Reidinger
Chief United States District Judge