UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00156-MR

| | |
|---|---|
| AUSTIN REID PITTMAN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JEFFREY CLAWSON, )<br>)<br>Defendant. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on Plaintiff's Motion to Compel Discovery. [Doc. 48].

Pro se Plaintiff Austin Reid Pittman ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Central Prison in Raleigh, North Carolina. On October 19, 2022, he filed this action pursuant to 42 U.S.C. § 1983 against Defendant FNU Clawson,[1] identified as a Correctional Sergeant at Alexander Correctional Institution, claiming Defendant Clawson violated his Eighth Amendment rights through the use of excessive force. [Doc. 1]. Plaintiff's Complaint survived initial review. [Doc. 8]. The current discovery deadline in this case is October 20, 2023. [9/1/2023 Text Order].

---

[1] Defendant FNU Clawson's filings reflect that his true full name is Jeffrey Clawson. [See Doc. 51], and the Court will instruct the Clerk to update the docket accordingly.

On October 2, 2023, Plaintiff filed a motion to compel discovery. [Doc. 48]. Plaintiff argues that Defendants improperly refused to produce:

> A screen shot picture, short video, or any other means of providing Plaintiff with a view of what areas are covered by each ceiling mounted security camera located in Inmate Receiving at Alexander Correctional Institution.

[Id. at 6]. Plaintiff contends that he made this request after Defendant produced only one relevant video of the alleged use of force incident after responding that there were two other cameras positioned in ways that would have captured the incident. [Id. at 2]. Plaintiff also contends that Defendants produced "several videos capturing events that had nothing what-so-ever to do with the allegations described in Plaintiff's Complaint." [Id. at 4]. Plaintiff asks the Court to require Defendant to produce "[some] means of providing Plaintiff with a view of what areas are covered by each ceiling mounted security camera located in Inmate Receiving at Alexander Correctional Institution." [Id. at 10].

In response, Defendant states that he has produced all videos that exist of the subject incident and that, as a courtesy, Defendant "chose to be over-inclusive rather than risk being under-inclusive with respect to the videos." [Doc. 51 at 1]. Defendant argues that he is not required to create materials responsive to Plaintiff's discovery requests that do not otherwise

exist. [Id.]. That is, discovery allows "a party [to] request 'items in the responding party's possession, custody, or control.'" [Id. (quoting Fed. R. Civ. P. 34(a)(1)]. The Court will deny Plaintiff's motion. Defendant Clawson is not required to create materials to satisfy Plaintiff's discovery request. Moreover, Defendant Clawson has already responded that no additional videos exist. If this matter proceeds to trial and on proper motion, the Court will address the issue of spoliation and determine whether an adverse evidentiary inference against Defendant Clawson may be drawn relative to the potentially missing video footage.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion [Doc. 48] is **DENIED**.

The Clerk is respectfully instructed to update the docket in this matter to reflect Defendant FNU Clawson's true full name as Jeffrey Clawson.

**IT IS SO ORDERED**.

Signed: November 6, 2023

Martin Reidinger
Chief United States District Judge